IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DAVID DEAN BUZZARD, JR.,**

    **Plaintiff,**

v.                                           Case No.:  3:14-cv-25533

**HENRY ROBBINS, Executive Director,
West Virginia Regional Jail &
Correctional Facility Authority;
JOE DELONG, Chief of Operations,
West Virginia Regional Jail &
Correctional Facility Authority;
J. LARRY CRAWFORD, Administrator,
Western Regional Jail;
LIEUTENANT CARL ALDRIDGE;
CORRECTIONAL OFFICER B. HAAS;
CORRECTIONAL OFFICER CARTER;
CORRECTIONAL OFFICER SHEPHARD;
CORRECTIONAL OFFICER FRANKLIN, and
WESTERN REGIONAL JAIL,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 1, 2); Plaintiff's Motion for Appointment of Counsel, (ECF No. 5); and Plaintiff's Motion to Amend Complaint, (ECF No. 7). The Court hereby **GRANTS** the applications to proceed *in forma pauperis*. The Court notes that Plaintiff currently has a very minimal balance in his prison account; therefore, Plaintiff shall not be required to pay an initial partial filing fee, but is hereby **ORDERED** to make monthly payments equal to 20 percent of the preceding month's

1

income credited to his prisoner account until the full filing fee of $350.00 has been paid. The first payment shall be made on or before November 5, 2014 and the subsequent payments shall be due on the fifth day of each month thereafter. The Mount Olive Correctional Complex, or any other agency or facility having custody of Plaintiff, shall forward payments from Plaintiff's prisoner account to the Clerk of Court each time the amount in Plaintiff's prisoner account exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is further **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

Plaintiff's Motion for the Appointment of Counsel, (ECF No. 5), is **DENIED,** without prejudice. Although the Court may, in its discretion, request an attorney to represent Plaintiff in this action, he has no constitutional right to counsel in this type of litigation. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). According to the United States Court of Appeals for the Fourth Circuit, the appointment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining if a case merits the assignment of *pro bono* counsel, the court must consider the complexity of the claims and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)). Here, Plaintiff fails to present evidence or argument supporting the

conclusion that his case meets the high threshold necessary for the appointment of *pro bono* counsel. To the contrary, Plaintiff primarily argues that counsel should be appointed because he is incarcerated and does not have easy access to resources and information. Unfortunately, the limitations associated with Plaintiff's custodial status do not, in and of themselves, merit the assignment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W.Va. Apr. 12, 2010). The Court has examined the record and finds that the claims asserted by Plaintiff are straightforward, and he appears quite capable of presenting them at this stage of the litigation. Therefore, the present circumstances do not justify the appointment of counsel. The undersigned urges Plaintiff to continue in his search for an attorney willing to take his case.

In regard to Plaintiff's Motion to Amend the Complaint, the Court **GRANTS** same. (ECF No. 7). Certainly, it is in the interest of justice to allow corrections to the complaint prior to its service on the defendants.

It is hereby **ORDERED** that the Clerk of Court shall issue a summons for each Defendant named in the Amended Complaint, and as set forth in the style hereinabove. The Clerk shall provide the summonses, copies of the Amended Complaint, and the Exhibits attached to the Complaint to the United States Marshals Service. Pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3), *Fed. R. Civ. P.,* the United States Marshals Service is **ORDERED** to serve the summons, Amended Complaint, and Exhibits on each Defendant, or his/her designated agent for service. Service may be completed by any manner allowed under Federal Rule 4, including by certified mail, to the addressee, return receipt requested. The Marshals Service shall promptly file the proofs of service with the Clerk.

**Plaintiff is hereby notified of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address.**

The Clerk is directed to mail a copy of this Order to Plaintiff, the West Virginia Regional Jail & Correctional Facility Authority, and the United States Marshals Service. The Clerk shall also provide Plaintiff with a copy of the Amended Complaint and the Exhibits.

**ENTERED:** September 11, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge