IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DAVID DEAN BUZZARD, JR.,**

      **Plaintiff,**

v.                                          **Case No.: 3:14-cv-25533**

**JOE DELONG, Executive Director,
West Virginia Regional Jail &
Correctional Facility Authority; et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for the Appointment of Counsel. (ECF No. 84). For the reasons that follow, the Court **DENIES** the motion at this time, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

As Plaintiff acknowledges in his motion, he has no constitutional right to counsel in a § 1983 action. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). Although the Court has some discretion to assign counsel in this case, the United States Court of Appeals for the Fourth Circuit has made it clear that the assignment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984); *see also Branch v. Cole,* 686 F.2d 264, 266. ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of

such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)).

Here, Plaintiff argues that his case meets the definition of "exceptional" for several reasons. First, his incarceration prohibits him from interviewing witnesses and conducting a proper investigation to develop the facts. Second, he has not been trained in the art of cross-examination or in the Federal Rules of Civil Procedure. Finally, Plaintiff contends that the issues in dispute are complex, and he is incapable of adequately presenting them. As proof of his position, Plaintiff points to several errors he has made to date in prosecuting his claims.

While Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his lack of legal training, these limitations do not, in and of themselves, satisfy the "exceptional" standard and merit the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W.Va. Apr. 12, 2010). Having reviewed Plaintiff's filings, and interacted with him at the status conference, the undersigned finds Plaintiff to be surprisingly knowledgeable of the relevant law, articulate, and a competent legal writer. Accordingly, Plaintiff is fully capable of presenting his claims at this stage of the litigation.

Plaintiff expresses concern over having his deposition taken in this civil action without the guidance of counsel. (*See* ECF No. 86). In particular, Plaintiff feels that he should be represented by an attorney when and if counsel for Defendants asks questions related to Plaintiff's criminal conduct (past or present). Plaintiff is reminded that he may assert his Fifth Amendment right against self-incrimination, if appropriate. Moreover, any questions asked by defense counsel must be relevant to the claims and defenses at issue in this case. The parties are free to contact the Court during the

deposition if an issue arises as to the legitimacy of the scope of counsel's questioning. Fed. R. Civ. P. 30(d)(3).

Therefore, for the reasons stated, Plaintiff's motion for the appointment of counsel is **DENIED**. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** December 3, 2014

Cheryl A. Eifert
United States Magistrate Judge